James M. Barrett, OSB No. 011991
james.barrett@ogletreedeakins.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500
Portland, OR 97201
Telephone: 503.552.2140
Fax: 503.224.4518

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| TERRY A. TAGGART, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>LIBERTY MUTUAL GROUP, INC., LIBERTY MUTUAL INSURANCE COMPANY, SAFECO INSURANCE COMPANY OF AMERICA, SAFECO INSURANCE COMPANY OF OREGON, a foreign corporation,<br><br>    Defendants. | Case No. 0:17-cv-00916<br><br>**NOTICE OF REMOVAL**<br><br>(28 USC §§ 1331; 1367; 1441)<br><br>(Oregon Circuit Court, Multnomah County, Case No. 17CV16946) |

TO:     CLERK, UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON AND PLAINTIFF TERRY TAGGART AND HIS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that defendants Liberty Mutual Group Inc.; Liberty Mutual Insurance Company; Safeco Insurance Company of America; and Safeco Insurance Company of Oregon (collectively "Liberty Mutual") hereby remove the above-captioned civil action based on federal question and supplemental jurisdiction, 28 USC §§ 1331, 1367 and 1441(a). In support of its Notice of Removal, Liberty Mutual states as follows:

/ /

## BACKGROUND

1. On or about April 25, 2017, plaintiff Terry A. Taggart ("Taggart") filed a Complaint in the Oregon Circuit Court for Multnomah County, Case No. 17CV16946. The Complaint asserted a single claim for $55,200 in unpaid wages and penalties under state law.

2. On or about May 17, 2017, Taggart filed an Amended Complaint that added a claim for unpaid wages and liquidated damages under the Fair Labor Standards Act of 1938 ("FLSA"). In accordance with 28 U.S.C. § 1446(a), copies of the Amended Complaint and all process, pleadings, and orders filed in the state court action are attached as Appendix A.

3. Liberty Mutual received a copy of the Complaint on May 5, 2017, and a copy of the Amended Complaint on May 25, 2017.

## STANDARD OF REVIEW

4. The sufficiency of the allegations in this Notice of Removal is reviewed under the standard for notice pleading; no evidentiary submissions are necessary. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 190 L. Ed. 2d 495, 553-54 (2014) (Congress, by borrowing the familiar "short and plain statement" standard from Rule 8(a), intended to "simplify the 'pleading' requirements for removal" and to clarify that courts should "apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.") (citing H.R. Rep. No. 100-889, p. 71 (1988)). *See also Liberty Natural Products, Inc. v. Hoffman*, 2011 WL 4625703, *4-5 (D. Or. Sept. 2, 2011) ("§1446(a) requires that a notice of removal only contain a 'short and plain statement of the grounds of removal,'"); 14C C. Wright, A. Miller, E. Cooper, and J. Steinman, *Federal Practice and Procedure* § 3733, pp. 639-41 (4th ed. 2009) ("Section 1446(a) requires only that the grounds for removal be stated in 'a short and plain statement' – terms borrowed from the pleading requirement set forth in Federal Rule of Civil Procedure 8(a).").

/ /

/ /

## FEDERAL QUESTION JURISDICTION

5. The Amended Complaint asserts a claim for unpaid wages under the FLSA, a federal law over which this Court has original jurisdiction under 28 U.S.C. § 1331. *See* Amend. Compl. ¶¶ 35-44.

## SUPPLMENTAL JURISDICTION OVER STATE WAGE CLAIM

6. The only other claim in the Amended Complaint is a state law wage claim that purports to arise from the same occurrence and/or nucleus of operative facts that underlie the FLSA claim, *viz.*, that Taggart was not paid time-and-half for hours in excess of 40 hours per week. *See* Amend. Compl. ¶¶ 25, 39-41, 47-50. As a result, this Court has supplemental jurisdiction over Taggart's state law claim under 28 U.S.C. § 1367. *See, e.g., Whitlock v. American Family Mutual Ins. Co.*, No. 3:14-cv-01189-ST, 2016 WL 199420, *1 (D. Or. Jan. 15, 2016) ("This court has federal question jurisdiction over the FLSA claim pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claim pursuant to 29 U.S.C. § 1367.").

## REQUIREMENTS FOR REMOVAL HAVE BEEN MET

7. This Notice of Removal is being filed within 30 days of receiving the Amended Complaint, which is a paper from which Liberty Mutual could first ascertain that the case was removable. Accordingly, the removal is timely under 28 USC § 1446(b)(3).

8. Liberty Mutual has given written notice of the filing of this Notice of Removal to Taggart and a copy of the Notice of Removal is being filed with the Clerk of the Oregon Circuit Court, Multnomah County, as required under 28 USC § 1446(d).

9. Liberty Mutual has properly removed the Complaint to this Court under 28 U.S.C. § 1441(a), because the U.S. District Court for the District of Oregon embraces the place where the action was pending.

/ /

/ /

/ /

3 – NOTICE OF REMOVAL

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503.552.2140 | Fax: 503.224.4518

WHEREFORE Liberty Mutual respectfully requests that this case be removed from the Oregon Circuit Court, Multnomah County, to this Court. Liberty Mutual reserves, and does not waive, any objection it may have to jurisdiction, venue, and any and all other defenses or objections to the Amended Complaint.

Dated: June 12, 2017.

                                                  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

                                                  By:    s/ James M. Barrett
                                                            James M. Barrett, OSB No. 011991
                                                            james.barrett@ogletreedeakins.com
                                                            Telephone: (503) 552-2140

                                                             Attorneys for Defendants

# CERTIFICATE OF SERVICE

I hereby certify that on the date set out below, I served the foregoing **NOTICE OF REMOVAL** on:

    Karen A. Moore
    SCHUCK LAW, LLC
    9208 NE Hwy 99 #107-84
    Vancouver, WA 98665
    Email: kmoore@wageclaim.org
        Of Attorneys for Plaintiff

☐     by **electronic** means through the Court's Case Management/Electronic Case File system, which will send automatic notification of filing to each person listed above.

■     by **mailing** a true and correct copy to the last known address of each person listed. It was contained in a sealed envelope, with postage paid, addressed as stated above, and deposited with the U.S. Postal Service in Portland, Oregon.

☐     by causing a true and correct copy to be **hand-delivered** to the last known address of each person listed. It was contained in a sealed envelope and addressed as stated above.

☐     by causing a true and correct copy to be delivered **via overnight courier** to the last known address of each person listed. It was contained in a sealed envelope, with courier fees paid, and addressed as stated above.

■     by **emailing** a true and correct copy to the last known email address of each person listed, with confirmation of delivery.

Dated: June 12, 2017.

                                       **OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

                                       By:    s/ James M. Barrett
                                                  James M. Barrett, OSB No. 011991
                                                  james.barrett@ogletreedeakins.com
                                                  Telephone: (503) 552-2140

                                                  Attorneys for Defendants

30034860.1