4/25/2017 11:14:25 AM
17CV16946

**IN THE CIRCUIT COURT FOR THE STATE OF OREGON**

**FOR THE COUNTY OF MULTNOMAH**

| | |
|---|---|
| **TERRY A. TAGGART**, an individual, | Case No. |
| **Plaintiff**, | **COMPLAINT (Wage Claim)** |
| v. | **Claims estimated to be approximately $55,200.00** |
| **LIBERTY MUTUAL GROUP, INC., LIBERTY MUTUAL INSURANCE COMPANY, SAFECO INSURANCE COMPANY OF AMERICA, and SAFECO INSURANCE COMPANY OF OREGON,** foreign corporation, | **Subject Filing Fee under ORS 21.160(1)(a)** |
| | **NOT Subject to Mandatory Arbitration** |
| **Defendants**. | **JURY TRIAL DEMANDED** |

Comes now the Plaintiff, Terry A. Taggart, by and through the attorneys at Schuck Law, LLC, and states and alleges as follows:

1.

At all times material herein, Defendants. Liberty Mutual Insurance Company, Liberty Mutual Group, Inc., and Safeco Insurance Company of America, were foreign corporations.

2.

At all times material herein, Defendant, Safeco Insurance Company of Oregon was a domestic Oregon company.

3.

Defendants, Safeco Insurance Company of Oregon and Safeco Insurance Company of America, are Liberty Mutual companies.

///

Page 1 - Complaint

4.

At all times material herein, Defendants were doing business in Oregon.

5.

The Circuit Court of Oregon has personal jurisdiction over Defendants because they are engaged in substantial and not isolated activities within this state, because the events set forth in this complaint occurred in Oregon and because the claims arise out of services actually performed by Plaintiff for the Defendants within Oregon.

6.

Defendants employed Plaintiff, as an employee, in Oregon State.

7.

Defendants are required to comply with Oregon State wage and hour laws.

8.

Defendants employed Plaintiff as an at-will employee.

9.

Defendants hired Plaintiff on or about December 8, 1997.

10.

Defendants did not contract with Plaintiff to work for any specific period of time.

11.

As part of Plaintiff's employment, Plaintiff was not subject to a collective bargaining agreement and/or part of a union.

12.

Defendants allowed, suffered and permitted Plaintiff to perform work for the benefit of Defendants.

13.

Defendants employed Plaintiff as a Senior Auto Appraiser.

///

Page 2 - Complaint

14.

Defendants' work weeks are Sunday through Saturday.

15.

Defendants paid Plaintiff at the following regular hourly rate of pay: $37.95 in 2012, $38.95 in 2013, $39.16 in 2014, $39.34 in 2015, and $39.46 in 2016 and 2017.

16.

During Plaintiff's employment, Defendants required Plaintiff to establish a home office from which Plaintiff was required to work.

17.

As required by Plaintiff's job duties, Plaintiff would review and prepare for the appointments for the day from the home office and then travel to the appointments scheduled by Defendants.

18.

Defendants required Plaintiff to be at the first appointment for the day by 8:00 am.

19.

Defendants required Plaintiff to complete the final appointment of the day by approximately 4:30 pm.

20.

Due to the work requirements, Plaintiff was unable to take a lunch each work day and would often work through his lunch.

21.

Prior to 2016, Plaintiff regularly worked additional hours from the home office outside of the 8:00 am to 4:30 pm. This additional work included work during the weekends.

22.

Defendants knew, or had reason to believe, that Plaintiff incurred additional hours worked outside 8:00 am through 4:30 pm.

Page 3 - Complaint

**SCHUCK LAW, LLC**
9208 NE Hwy 99 #107-84 • Vancouver, WA 98665
Tel (360) 566-9243 • Fax (503) 575-2763

23.

In or about January 2016, Defendants began requiring Plaintiff to report all additional work hours to pay regular and overtime wages.

24.

Prior to the change in January 2016 for reporting work time, Defendants did not pay Plaintiff for all regular hours and overtime hours worked.

25.

Plaintiff questioned Defendants' failure to pay all regular and overtime wages throughout his employment, which Defendants did not correct.

26.

Plaintiff ended his employment with Defendants effective January 31, 2017.

27.

In ending his employment, Plaintiff gave Defendants not less than 2 business days' notice of his intent to quit.

28.

Defendants did not pay Plaintiff all wages on January 31, 2017.

29.

Defendants paid wages to Plaintiff on or about February 17, 2017.

30.

Defendants' February 17, 2017 payment did not include wages earned and unpaid prior to 2016.

31.

Plaintiff's hours worked in each of the six (6) years prior to the date this complaint is filed to be similar hours as that worked and paid in year 2016.

32.

In 2016, Plaintiff estimates that Defendants paid him for 2109.50 regular hours at

Page 4 - Complaint

**SCHUCK LAW, LLC**
9208 NE Hwy 99 #107-84 • Vancouver, WA 98665
Tel (360) 566-9243 • Fax (503) 575-2763

1   $39.46 per hour, and 158 overtime hours at $59.19 per hour.

2                                         33.

3         On or about April 17, 2017, Plaintiff, and his attorneys at Schuck Law, LLC, made a

4   written demand to Defendant to pay all of Plaintiff's wages.

5                                 **CLAIM FOR RELIEF**

6                                         34.

7         Plaintiff re-alleges all paragraphs as though fully alleged herein.

8                                         35.

9         In the two (2) years prior to the filing of this complaint, Defendants allowed, suffered,

10  and permitted Plaintiff to work hours, in excess of 40 hours per week.

11                                        36.

12        Pursuant to ORS 653.261 and OAR 839-020-0030, Defendants were required to pay

13  Plaintiff at the rate of 1 ½ times Plaintiff's regular rate of pay those hours worked in excess of

14  40 hours per week, when those wages were due.

15                                        37.

16        In 2016, Defendants paid Plaintiff overtime wages, but did not pay all overtime wages

17  in the years prior.

18                                        38.

19        Defendants failed and refused to pay Plaintiff for the hours of overtime worked prior

20  to 2016, when those wages were due, and there remains due and unpaid overtime wages.

21                                        39.

22        Defendants failed and refused to pay Plaintiff for all overtime hours worked, when

23  those wages were due, and there remains due and unpaid overtime wages in an amount to be

24  determined after discovery, but not less than $6,992.69.

25                                        40.

26        Based on the hours worked and paid in 2016, Plaintiff estimates that Defendants have

Page 5 - Complaint

1  failed to pay him 756.50 hours of regular wages for hours worked in the six (6) year prior to

2  the date this complaint is filed.

3  41.

4  Defendants failed and refused to pay Plaintiff for all regular hours worked, when those

5  wages were due, and there remains due and unpaid regular wages in an amount to be

6  determined after discovery, but not less than $29,252.92.

7  42.

8  Pursuant to ORS 652.140, Defendants were required to pay all of Plaintiff's wages,

9  from employment, on January 31, 2017.

10  43.

11  Defendants failed to pay Plaintiff all wages as set out above, and wages remain due

12  and owing to Plaintiff.

13  44.

14  Defendant failed to make payment of all of Plaintiff's earned wages when due and

15  when required by ORS 652.140.

16  45.

17  In paying Plaintiff's wages, Defendants were free agents.

18  46.

19  In paying Plaintiff's wages, Defendants determined their own actions.

20  47.

21  In paying Plaintiff's wages, Defendants were not responsible to, nor coerced by any

22  other person, or entity, or authority.

23  48.

24  Defendants knew Plaintiff's employment for Defendants had ended.

25  49.

26  Defendants knew that they did not pay all overtime wages prior to 2016.

Page 6 - Complaint

50.

Defendants were capable of paying all Plaintiff's wages earned and due at termination.

51.

Defendants' failure to make payment of Plaintiff's wages when due at the end of employment was wilful.

52.

Defendants' failure to pay all of Plaintiff's wages continued for not less than 30 days after the wages were due.

53.

Plaintiff is entitled to 9% statutory interest on all amounts due under ORS 82.010.

54.

Plaintiff estimates that Defendants failed to pay approximately $36,245.61 in regular and unpaid wages, with approximately $9,485.38 due in statutory interest.

55.

In paying Plaintiff's final wages in 2017, Defendants failed to provide to Plaintiff an itemized wage statement as required by ORS 652.610(1)-(2).

56.

Defendants failed to make and keep accurate records of actual hours worked each week and each pay period by Plaintiff in violation of ORS 653.045.

57.

Because of Defendants' failure to make payment of final wages when due, Plaintiff is due penalty wages of not less than $9,470.04, pursuant to ORS 652.150, for the continuation of Plaintiff's unpaid final wages for not less than 30 days.

58.

Because of Defendants' failure to pay Plaintiff's wages within 48 hours after they were due, Plaintiff is entitled to recover costs, disbursements, and reasonable attorney fees,

Page 7 - Complaint

1    pursuant to ORS 652.200.

2                        59.

3       Plaintiff seeks statutory wages pursuant to ORS 652.150, and costs, disbursements and

4    attorney fees, pursuant to ORS 652.200 plus pre- and post-judgment interest in the amount of

5    9% per annum incurred herein under ORS 82.010.

6       **WHEREFORE**, Plaintiff demands judgment from Defendants:

7

8    **Upon Plaintiff's claim for relief for failing to timely pay all wages on termination**:

9    1.      Unpaid wages in an amount to be determined, estimated to be $36,245.61.

10    2.      Penalty wages pursuant to ORS 652.150 in the amount of $9,470.04.

11    3.      Pre-judgment interest on all damage amounts in the amount of 9% per annum incurred

12          herein, pursuant to ORS 82.010, estimated to be $9,485.38 as of April 18, 2017.

13    4.      Post-judgment interest on all damage amounts in the amount of 9% per annum

14          incurred herein, pursuant to ORS 82.010.

15    5.      Costs, disbursements, and attorney fees pursuant to ORS 652.200.

16    **Upon any counterclaim or defense asserted by Defendant without a objectively**

17    **reasonable basis, or where Defendant disobeys a court order**:

18    1.      Plaintiff is entitled to recover attorney fees and costs pursuant to ORS 20.105.

19

20                     DATED:  April 25, 2017.

21

22                   s/ Karen A. Moore
                   KAREN A. MOORE, OSB 040922, WSB 42476

23                   kmoore@wageclaim.org
                   Attorney for Plaintiff

24

25

26

Page 8 - Complaint

Verified Correct Copy of Original 5/23/2017___

# **AFFIDAVIT OF SERVICE**

**State of Oregon**                    **County of Multnomah**                    Circuit Court



Case Number: 17CV16946

Plaintiff:
**Terry A. Taggart,**

vs.

Defendant:
**Liberty Mutual Group, Inc., et al.,**

Received by RUSH PROCESS SERVICE, INC. to be served on **Liberty Mutual Group, Inc. c/o Corporation Service Co., 1127 Broadway St. NE, Ste. 310, Salem, OR 97301**.

I, Mitchell R. Clark, being duly sworn, depose and say that on the **5th day of May, 2017** at **3:35 pm, I:**

Served the within named corporation by delivering a true copy of a **Summons; Complaint; First Request for Production** by personal service upon **Sharon Walls, Service of process technician** who is authorized to accept service on behalf of the registered agent.

I am a competent person 18 years of age or older and a resident of the state of service or this state and am not a party to nor an officer, director or employee of, nor attorney for any party, corporate or otherwise; and the person, firm, or corporation served is the identical one named in the action.

I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty for perjury.

Subscribed and Sworn to before me on the 11th day
of May, 2017

_____
NOTARY PUBLIC

OFFICIAL SEAL
**JESSICA M WRIGHT**
NOTARY PUBLIC - OREGON
COMMISSION NO. 947993
MY COMMISSION EXPIRES MARCH 3, 2020

_____
**Mitchell R. Clark**
Process Server

**RUSH PROCESS SERVICE, INC.**
**2014 N.E. Sandy Blvd., Suite 204**
**Portland, OR 97232**
**(503) 232-3667**

Our Job Serial Number: SKS-2017006046

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n

**IN THE CIRCUIT COURT FOR THE STATE OF OREGON**
**FOR THE COUNTY OF MULTNOMAH**

| | |
|---|---|
| TERRY A. TAGGART, an individual,<br>**Plaintiff,**<br><br>v.<br><br>LIBERTY MUTUAL GROUP, INC., LIBERTY MUTUAL<br>INSURANCE COMPANY, SAFECO INSURANCE<br>COMPANY OF AMERICA, SAFECO INSURANCE<br>COMPANY OF OREGON, a foreign corporation,<br>**Defendants.** | Case No.  17CV16946<br><br>**SUMMONS** |

TO:    LIBERTY MUTUAL GROUP, INC., LIBERTY MUTUAL INSURANCE COMPANY, SAFECO INSURANCE COMPANY OF AMERICA, SAFECO INSURANCE COMPANY OF OREGON

IN THE NAME OF THE STATE OF OREGON: You are hereby required to appear and defend the complaint filed against you in the above-entitled cause within 30 days from the date of service of this summons on you; and if you fail to appear and defend, the plaintiff will apply to the court for the relief demanded in the complaint.

**NOTICE TO DEFENDANT:**
**READ THESE PAPERS CAREFULLY**

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service on the plaintiff.

**If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.**

*Karen A. Moore*

Karen A. Moore, OSB 040922, WSB 42476
kmoore@wageclaim.org
Attorney for Plaintiff
9208 NE Hwy 99 #107-84
Vancouver, WA 98665 (360) 566-9243

**STATE OF WASHINGTON, County of Clark ) ss**
I, the undersigned attorney of record for the Plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above entitled action.

Karen A. Moore, OSB 040922, WSB 42476
kmoore@wageclaim.org
Attorney for Plaintiff

**TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS:**    You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

*Karen A. Moore*

Karen A. Moore, OSB 040922, WSB 42476
kmoore@wageclaim.org
Attorney for Plaintiff

**SCHUCK LAW, LLC**
Attorneys at Law
9208 NE Hwy 99 #107-84 • Vancouver, WA 98665
Tel (360) 566-9243 • Fax (503) 575-2763

_Verified Correct Copy of Original 5/23/2017__

# **AFFIDAVIT OF SERVICE**

**State of Oregon**                              **County of Multnomah**

Case Number: 17CV16946

Plaintiff:
**Terry A. Taggart,**
vs.
Defendant:
**Liberty Mutual Group, Inc., et al.,**

Received by RUSH PROCESS SERVICE, INC. to be served on **Liberty Mutual Insurance Company c/o Corporation Service Co., 1127 Broadway St. NE, Ste. 310, Salem, OR 97301.**

I, Mitchell R. Clark, being duly sworn, depose and say that on the **5th day of May, 2017** at **3:35 pm, I:**

Served the within named corporation by delivering a true copy of a **Summons; Complaint; First Request for Production** by personal service upon **Sharon Walls, Service of process technician** who is authorized to accept service on behalf of the registered agent.

I am a competent person 18 years of age or older and a resident of the state of service or this state and am not a party to nor an officer, director or employee of, nor attorney for any party, corporate or otherwise; and the person, firm, or corporation served is the identical one named in the action.

I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty for perjury.

Subscribed and Sworn to before me on the 11th day
of May, 2017

NOTARY PUBLIC

OFFICIAL SEAL
**JESSICA M WRIGHT**
NOTARY PUBLIC - OREGON
COMMISSION NO. 947993
MY COMMISSION EXPIRES MARCH 3, 2020

**Mitchell R. Clark**
Process Server

**RUSH PROCESS SERVICE, INC.**
**2014 N.E. Sandy Blvd., Suite 204**
**Portland, OR 97232**
**(503) 232-3667**

Our Job Serial Number: SKS-2017006045

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n

## **AFFIDAVIT OF SERVICE**

**State of Oregon**                                    **County of Multnomah**

Case Number: 17CV16946

Plaintiff:
**Terry A. Taggart,**

vs.

Defendant:
**Liberty Mutual Group, Inc., et al.,**

Received by RUSH PROCESS SERVICE, INC. to be served on **Safeco Insurance Company of America c/o Corporation Service Co., 1127 Broadway St. NE, Ste. 310, Salem, OR 97301**.

I, Mitchell R. Clark, being duly sworn, depose and say that on the **5th day of May, 2017** at **3:35 pm, I:**

Served the within named corporation by delivering a true copy of a **Summons; Complaint; First Request for Production** by personal service upon **Sharon Walls, Service of process technician** who is authorized to accept service on behalf of the registered agent.

I am a competent person 18 years of age or older and a resident of the state of service or this state and am not a party to nor an officer, director or employee of, nor attorney for any party, corporate or otherwise; and the person, firm, or corporation served is the identical one named in the action.

I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty for perjury.

Subscribed and Sworn to before me on the 11th day of May, 2017.

NOTARY PUBLIC

OFFICIAL SEAL
**JESSICA M WRIGHT**
NOTARY PUBLIC - OREGON
COMMISSION NO. 947993
MY COMMISSION EXPIRES MARCH 3, 2020

**Mitchell R. Clark**
Process Server

**RUSH PROCESS SERVICE, INC.**
**2014 N.E. Sandy Blvd., Suite 204**
**Portland, OR 97232**
**(503) 232-3667**

Our Job Serial Number: SKS-2017006043

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n

Verified Correct Copy of Original 5/23/2017

Verified Correct Copy of Original 5/23/2017_

# **AFFIDAVIT OF SERVICE**

**State of Oregon**                    **County of Multnomah**

Case Number: 17CV16946

Plaintiff:
**Terry A. Taggart,**

vs.

Defendant:
**Liberty Mutual Group, Inc., et al.,**

Received by RUSH PROCESS SERVICE, INC. to be served on **Safeco Insurance Company of Oregon c/o Corporation Service Co., 1127 Broadway St. NE, Ste. 310, Salem, OR 97301.**

I, Mitchell R. Clark, being duly sworn, depose and say that on the **5th day of May, 2017** at **3:35 pm, I:**

Served the within named corporation by delivering a true copy of a **Summons; Complaint; First Request for Production** by personal service upon **Sharon Walls, Service of process technician** who is authorized to accept service on behalf of the registered agent.

I am a competent person 18 years of age or older and a resident of the state of service or this state and am not a party to nor an officer, director or employee of, nor attorney for any party, corporate or otherwise; and the person, firm, or corporation served is the identical one named in the action.

I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty for perjury.

Subscribed and Sworn to before me on the 11th day of May, 2017.

NOTARY PUBLIC

**Mitchell R. Clark**
Process Server

**RUSH PROCESS SERVICE, INC.**
**2014 N.E. Sandy Blvd., Suite 204**
**Portland, OR 97232**
**(503) 232-3667**

Our Job Serial Number: SKS-2017006044

OFFICIAL SEAL
**JESSICA M WRIGHT**
NOTARY PUBLIC - OREGON
COMMISSION NO. 947993
MY COMMISSION EXPIRES MARCH 3, 2020

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n

5/17/2017 2:37:09 PM
17CV16946

1

2

3

4              **IN THE CIRCUIT COURT FOR THE STATE OF OREGON**

5                      **FOR THE COUNTY OF MULTNOMAH**

6    **TERRY A. TAGGART**, an individual,            **Case No.  17CV16946**

7                          **Plaintiff**,            **NOTICE OF AMENDMENT OF**
                                                     **COMPLAINT**
8            v.
                                                     **(ORCP 23A)**
9    **LIBERTY MUTUAL GROUP, INC.,**
     **LIBERTY MUTUAL INSURANCE**
10   **COMPANY, SAFECO INSURANCE**
     **COMPANY OF AMERICA, and SAFECO**
11   **INSURANCE COMPANY OF OREGON**,

12                        **Defendants**.

13

14          **COMES NOW** the above named Plaintiff, and under ORCP 23A, files herewith

15   Plaintiff's Amended Complaint.  This amendment being brought prior to Defendant appearing

16   or serving a responsive pleading thereto and Plaintiff being entitled to so file this amended

17   complaint as a matter of right.

18

19                                 DATED: May 17, 2017.

20

21                                 s/ Karen A. Moore
                                   KAREN A. MOORE, OSB 040922, WSB 42476
22                                 kmoore@wageclaim.org
                                   Attorney for Plaintiff

23

24

25

26

Page 1 - Notice of Amendment of Complaint (ORCP 23 A)

5/17/2017 2:37:09 PM
17CV16946

**IN THE CIRCUIT COURT FOR THE STATE OF OREGON**

**FOR THE COUNTY OF MULTNOMAH**

| | |
|---|---|
| **TERRY A. TAGGART**, an individual,<br><br>                    **Plaintiff**,<br><br>    v.<br><br>**LIBERTY MUTUAL GROUP, INC., LIBERTY MUTUAL INSURANCE COMPANY, SAFECO INSURANCE COMPANY OF AMERICA, and SAFECO INSURANCE COMPANY OF OREGON,** foreign corporation,<br><br>                  **Defendants**. | Case No.  17CV16946<br><br>**AMENDED COMPLAINT (Wage Claim)**<br><br>**Claims estimated to be approximately $61,000.00**<br><br>**Subject to Filing Fee under ORS 21.160(1)(c)**<br><br>**NOT Subject to Mandatory Arbitration**<br><br>**JURY TRIAL DEMANDED** |

Comes now the Plaintiff, Terry A. Taggart, by and through the attorneys at Schuck Law, LLC, and states and alleges as follows:

1.

At all times material herein, Defendants, Liberty Mutual Insurance Company, Liberty Mutual Group, Inc., and Safeco Insurance Company of America, were foreign corporations.

2.

At all times material herein, Defendant, Safeco Insurance Company of Oregon was a domestic Oregon company.

3.

Defendants, Safeco Insurance Company of Oregon and Safeco Insurance Company of America, are Liberty Mutual companies.

Page 1 - Amended Complaint

4.

At all times material herein, Defendants were doing business in Oregon.

5.

The Circuit Court of Oregon has personal jurisdiction over Defendants because they are engaged in substantial and not isolated activities within this state, because the events set forth in this complaint occurred in Oregon and because the claims arise out of services actually performed by Plaintiff for the Defendants within Oregon.

6.

Defendants employed Plaintiff, as an employee, in Oregon State.

7.

Defendants are required to comply with Oregon State wage and hour laws.

8.

Defendants employed Plaintiff as an at-will employee.

9.

Defendants hired Plaintiff on or about December 8, 1997.

10.

Defendants did not contract with Plaintiff to work for any specific period of time.

11.

As part of Plaintiff's employment, Plaintiff was not subject to a collective bargaining agreement and/or part of a union.

12.

Defendants allowed, suffered and permitted Plaintiff to perform work for the benefit of Defendants.

13.

Defendants employed Plaintiff as a Senior Auto Appraiser.

Page 2 - Amended Complaint

14.

Defendants' work weeks are Sunday through Saturday.

15.

Defendants paid Plaintiff at the following regular hourly rate of pay:  $37.95 in 2012, $38.95 in 2013, $39.16 in 2014, $39.34 in 2015, and $39.46 in 2016 and 2017.

16.

At all times material herein, Defendants classified Plaintiff as a non-exempt employee.

17.

During Plaintiff's employment, Defendants required Plaintiff to establish a home office from which Plaintiff was required to work.

18.

As required by Plaintiff's job duties, Plaintiff would review and prepare for the appointments for the day from the home office and then travel to the appointments scheduled by Defendants.

19.

Defendants required Plaintiff to be at the first appointment for the day by 8:00 am.

20.

Defendants required Plaintiff to complete the final appointment of the day by approximately 4:30 pm.

21.

Due to the work requirements, Plaintiff was unable to take a lunch each work day and would often work through his lunch.

22.

Prior to 2016, Plaintiff regularly worked additional hours from the home office outside of the 8:00 am to 4:30 pm.  This additional work included work during the weekends.

Page 3 - Amended Complaint

**SCHUCK LAW, LLC**
9208 NE Hwy 99 #107-84 • Vancouver, WA 98665
Tel (360) 566-9243 • Fax (503) 575-2763

23.

Defendants knew, or had reason to believe, that Plaintiff incurred additional hours worked outside 8:00 am through 4:30 pm.

24.

In or about January 2016, Defendants began requiring Plaintiff to report all additional work hours to pay regular and overtime wages.

25.

Prior to the change in January 2016 for reporting work time, Defendants did not pay Plaintiff for all regular hours and overtime hours worked.

26.

Plaintiff questioned Defendants' failure to pay all regular and overtime wages throughout his employment, which Defendants did not correct.

27.

Plaintiff ended his employment with Defendants effective January 31, 2017.

28.

In ending his employment, Plaintiff gave Defendants not less than 2 business days' notice of his intent to quit.

29.

Defendants did not pay Plaintiff all wages on January 31, 2017.

30.

Defendants paid wages to Plaintiff on or about February 17, 2017.

31.

Defendants' February 17, 2017 payment did not include wages earned and unpaid prior to 2016.

32.

Plaintiff's hours worked in each of the six (6) years prior to the date this complaint is

Page 4 - Amended Complaint

**SCHUCK LAW, LLC**
9208 NE Hwy 99 #107-84 • Vancouver, WA 98665
Tel (360) 566-9243 • Fax (503) 575-2763

1  filed to be similar hours as that worked and paid in year 2016.

2                                      33.

3       In 2016, Plaintiff estimates that Defendants paid him for 2,109.50 regular hours at

4  $39.46 per hour, and 158 overtime hours at $59.19 per hour.

5                                      34.

6       On or about April 17, 2017, Plaintiff, and his attorneys at Schuck Law, LLC, made a

7  written demand to Defendant to pay all of Plaintiff's wages.

8                          **CLAIM FOR RELIEF**

9                   (FLSA Overtime, Liquidated Damages)

10                                     35.

11      Plaintiff re-alleges all paragraphs herein as though fully alleged herein.

12                                     36.

13      Defendants are subject to the requirements of the Fair Labor Standards Act of 1938,

14  29 U.S.C. §§ 201-219 ("FLSA").

15                                     37.

16      Defendants were required to pay Plaintiff's overtime wages on pay day.

17                                     38.

18      In the three (3) years prior to the filing of this complaint, Defendants allowed,

19  suffered, and permitted Plaintiff to work hours, in excess of 40 hours per week for the benefit

20  of Defendants.

21                                     39.

22      Defendants failed to pay Plaintiff 1 ½ times the regular hourly rate for the hours

23  Plaintiff worked in excess of 40 hours for a single workweek as required by the FLSA.

24                                     40.

25      In the three (3)  years prior to the filing of the complaint, there remains due unpaid

26  overtime in an amount to be determined, but not less than approximately $13,400.00.

Page 5 - Amended Complaint

41.

Defendants failed to pay overtime wages and premium wages to Plaintiff as required by the FLSA.

42.

Defendants were required to pay Plaintiff for all hours worked on Plaintiff's next regularly scheduled pay day under the FLSA.

43.

Defendant's conduct in failing to pay overtime wages and premium wages as alleged herein was willful, and there remain due and unpaid overtime wages in amounts to be determined but not less than approximately $13,400.00.

44.

Plaintiff seeks damages in the form of overtime wages and overtime premium wages for Defendants' failure to pay overtime wages in amounts to be determined.  In addition, Plaintiff seeks liquidated damages under the FLSA in an amount to be determined; plus pre-judgment and post-judgment interest on all damage amounts; costs and attorney fees under the FLSA.  29 USC § 216(b) plus pre- and post-judgment interest in the amount of 9% per annum incurred herein under ORS 82.010.

## CLAIM FOR RELIEF

(Unpaid Wages and Penalty Wages Claim)

45.

Plaintiff re-alleges all paragraphs as though fully alleged herein.

46.

In the two (2) years prior to the filing of this complaint, Defendants allowed, suffered, and permitted Plaintiff to work hours, in excess of 40 hours per week.

47.

Pursuant to ORS 653.261 and OAR 839-020-0030, Defendants were required to pay

Page 6 - Amended Complaint

1    Plaintiff at the rate of 1 ½ times Plaintiff's regular rate of pay those hours worked in excess of

2    40 hours per week, when those wages were due.

3                                              48.

4        In 2016, Defendants paid Plaintiff overtime wages, but did not pay all overtime wages

5    in the years prior.

6                                              49.

7        Defendants failed and refused to pay Plaintiff for the hours of overtime worked prior

8    to 2016, when those wages were due, and there remains due and unpaid overtime wages.

9                                              50.

10       Defendants failed and refused to pay Plaintiff for all overtime hours worked, when

11   those wages were due, and there remains due and unpaid overtime wages in an amount to be

12   determined after discovery, but not less than $6,992.69.

13                                             51.

14       Based on the hours worked and paid in 2016, Plaintiff estimates that Defendants have

15   failed to pay him 756.50 hours of regular wages for hours worked in the six (6) year prior to

16   the date this complaint is filed.

17                                             52.

18       Defendants failed and refused to pay Plaintiff for all regular hours worked, when those

19   wages were due, and there remains due and unpaid regular wages in an amount to be

20   determined after discovery, but not less than $29,252.92.

21                                             53.

22       Pursuant to ORS 652.140, Defendants were required to pay all of Plaintiff's wages,

23   from employment, on January 31, 2017.

24                                             54.

25       Defendants failed to pay Plaintiff all wages as set out above, and wages remain due

26   and owing to Plaintiff.

Page 7 - Amended Complaint

**SCHUCK LAW, LLC**
9208 NE Hwy 99 #107-84 • Vancouver, WA 98665
Tel (360) 566-9243 • Fax (503) 575-2763

55.

Defendant failed to make payment of all of Plaintiff's earned wages when due and when required by ORS 652.140.

56.

In paying Plaintiff's wages, Defendants were free agents.

57.

In paying Plaintiff's wages, Defendants determined their own actions.

58.

In paying Plaintiff's wages, Defendants were not responsible to, nor coerced by any other person, or entity, or authority.

59.

Defendants knew Plaintiff's employment for Defendants had ended.

60.

Defendants knew that they did not pay all overtime wages prior to 2016.

61.

Defendants were capable of paying all Plaintiff's wages earned and due at termination.

62.

Defendants' failure to make payment of Plaintiff's wages when due at the end of employment was wilful.

63.

Defendants' failure to pay all of Plaintiff's wages continued for not less than 30 days after the wages were due.

64.

Plaintiff is entitled to 9% statutory interest on all amounts due under ORS 82.010.

65.

Plaintiff estimates that Defendants failed to pay approximately $36,245.61 in regular

Page 8 - Amended Complaint

**SCHUCK LAW, LLC**
9208 NE Hwy 99 #107-84 • Vancouver, WA 98665
Tel (360) 566-9243 • Fax (503) 575-2763

1  and unpaid wages, with approximately $9,485.38 due in statutory interest.

2                                          66.

3        In paying Plaintiff's final wages in 2017, Defendants failed to provide to Plaintiff an

4  itemized wage statement as required by ORS 652.610(1)-(2).

5                                          67.

6        Defendants failed to make and keep accurate records of actual hours worked each

7  week and each pay period by Plaintiff in violation of ORS 653.045.

8                                          68.

9        Because of Defendants' failure to make payment of final wages when due, Plaintiff is

10  due penalty wages of not less than $9,470.04, pursuant to ORS 652.150, for the continuation

11  of Plaintiff's unpaid final wages for not less than 30 days.

12                                         69.

13        Because of Defendants' failure to pay Plaintiff's wages within 48 hours after they

14  were due, Plaintiff is entitled to recover costs, disbursements, and reasonable attorney fees,

15  pursuant to ORS 652.200.

16                                         70.

17        Plaintiff seeks statutory wages pursuant to ORS 652.150, and costs, disbursements and

18  attorney fees, pursuant to ORS 652.200 plus pre- and post-judgment interest in the amount of

19  9% per annum incurred herein under ORS 82.010.

20        **WHEREFORE**, Plaintiff demands judgment from Defendants:

21  **Upon Plaintiff's claim for relief for failing to pay FLSA overtime wages**:

22  1.    Unpaid overtime wages in an amount to be determined but not less than approximately

23        $13,400.00.

24  2.    Liquidated damages under the FLSA in an amount to be determined and matching the

25        unpaid overtime.

26  3.    Pre- and post-judgment interest on all damage amounts in the amount of 9% per

Page 9 - Amended Complaint

1    annum incurred herein, pursuant to ORS 82.010.

2    4.    Costs, disbursements, and attorney fees under the FLSA.  29 USC 216(b).

3    **Upon Plaintiff's claim for relief for unpaid wages and failing to timely pay all wages on**

4    **termination**:

5    1.    Unpaid wages in an amount to be determined, estimated to be approximately,

6    $32,000.00.

7    2.    Penalty wages pursuant to ORS 652.150 in the amount of $9,470.04.

8    3.    Pre-judgment interest on all damage amounts in the amount of 9% per annum incurred

9         herein, pursuant to ORS 82.010.

10   4.    Post-judgment interest on all damage amounts in the amount of 9% per annum

11        incurred herein, pursuant to ORS 82.010.

12   5.    Costs, disbursements, and attorney fees pursuant to ORS 652.200.

13   **Upon any counterclaim or defense asserted by Defendant without a objectively**

14   **reasonable basis, or where Defendant disobeys a court order**:

15   1.    Plaintiff is entitled to recover attorney fees and costs pursuant to ORS 20.105.

16                         DATED:  May 17, 2017.

17

18

19                         s/ Karen A. Moore
                          KAREN A. MOORE, OSB 040922, WSB 42476
20                         kmoore@wageclaim.org
                          Attorney for Plaintiff

21

22

23

24

25

26

Page 10 - Amended Complaint

**SCHUCK LAW, LLC**
9208 NE Hwy 99 #107-84 • Vancouver, WA 98665
Tel (360) 566-9243 • Fax (503) 575-2763

6/1/2017 3:29:22 PM
17CV16946

1

2

3

4

5

6             IN THE CIRCUIT COURT OF THE STATE OF OREGON

7                   FOR THE COUNTY OF MULTNOMAH

8   TERRY A. TAGGART, an individual,          )
                                              )
9              Plaintiff,                      )    Case No.: 17CV16946
                                              )
10       vs.                                   )    ACCEPTANCE OF SERVICE
                                              )
11  LIBERTY MUTUAL GROUP, INC.,                )
    LIBERTY MUTUAL INSURANCE                   )
12  COMPANY, SAFECO INSURANCE                  )
    COMPANY OF AMERICA, SAFECO                 )
13  INSURANCE COMPANY OF OREGON, a             )
    foreign corporation,                       )
14                                             )
               Defendants.                     )
15

16       Defendants Liberty Mutual Group, Inc., Liberty Mutual Insurance Company, Safeco

17  Insurance Company of America, and Safeco Insurance Company of Oregon hereby provide

18  notice through their attorney, James M. Barrett of Ogletree, Deakins, Nash, Smoak, & Stewart,

19  P.C., that they have accepted service of the Amended Complaint in the above-captioned matter

20  on the date set out below.  Defendants waive any and all deficiencies, defects or

21  //

22  //

23  //

24  //

25  //

26  //

Page 1 - Acceptance of Service              OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
                                                          The KOIN Center
                                            222 SW Columbia Street, Suite 1500 | Portland, OR 97201
                                                Phone:  503.552.2140 | Fax: 503.224.4518

1  irregularities in the method or manner of service.

2      Dated this ____ day of June, 2017.

3

4                                OGLETREE, DEAKINS, NASH, SMOAK & STEWART,
                                 P.C.

5                                By: _____

6                                    James M. Barrett, OSB No. 011991
                                     james.barrett@ogletree.com

7                                    503.552.2140
                                     Attorneys for Defendants

8

9                                                              30024224.1

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone:  503.552.2140 | Fax: 503.224.4518

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2017 I served the foregoing **ACCEPTANCE OF SERVICE** on:

> Karen A. Moore
> Schuck Law, LLC
> 9208 NE Hwy. 99
> Suite 107-84
> Vancouver, WA 98665
> Email:  kmoore@wageclaim.org
>
> Attorney for Plaintiff

■        by **electronic** means through the Court's ECF filing system.

☐        by **mailing** a true and correct copy to the last known address of each person listed above.  It was contained in a sealed envelope, with postage paid, addressed as stated above, and deposited with the U.S. Postal Service in Portland, Oregon.

☐        by causing a true and correct copy to be **hand-delivered** to the last known address of each person listed above.  It was contained in a sealed envelope and addressed as stated above.

☐        by causing a true and correct copy to be delivered **via overnight courier** to the last known address of each person listed above.  It was contained in a sealed envelope, with courier fees paid, and addressed as stated above.

■        by **e-mailing** a true and correct copy to the last known email address of each person listed above.

Dated: June 1, 2017.

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**


By: s/ James M. Barrett
    James M. Barrett, OSB No. 011991
    james.barrett@ogletreedeakins.com
    Attorneys for Defendants

Page 1 – CERTIFICATE OF SERVICE        OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone:  503-552-2140 | Fax: 503-224-4518

Appendix A
Page 27 of 28

Skip to Main Content Logout My Account Search Menu Search Civil, Family, Probate and Tax Court Case Records Refine Search  Back

Location : Multnomah   Images Help

# REGISTER OF ACTIONS
### CASE NO. 17CV16946

| | | | |
|---|---|---|---|
| Terry A Taggart vs Liberty Mutual Group, Inc, Liberty Mutual Insurance Company, Safeco Insurance Company of America, Safeco Insurance Company of Oregon | § § § § § | Case Type: | **Tort - General** |
| | | Date Filed: | **04/25/2017** |
| | | Location: | **Multnomah** |

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| Defendant | Liberty Mutual Group, Inc | |
| Defendant | Liberty Mutual Insurance Company | |
| Defendant | Safeco Insurance Company of America | |
| Defendant | Safeco Insurance Company of Oregon | |
| Plaintiff | Taggart, Terry A | **KAREN A MOORE**<br>*Retained*<br>503 819-1389(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | | |
|---|---|---|---|---|
| 04/25/2017 | **Complaint** | | | |
| | *Wage Claim; NOT SUBJECT TO MANDATORY ARBITRATION* | | | |
| | Created: 04/25/2017 11:26 AM | | | |
| 04/25/2017 | **Service** | | | |
| | Liberty Mutual Group, Inc | Served | 05/05/2017 | |
| | | Returned | 05/19/2017 | |
| | Liberty Mutual Insurance Company | Served | 03/05/2017 | |
| | | Returned | 05/19/2017 | |
| | Safeco Insurance Company of America | Served | 05/05/2017 | |
| | | Returned | 05/19/2017 | |
| | Safeco Insurance Company of Oregon | Served | 05/05/2017 | |
| | | Returned | 05/16/2017 | |
| | Created: 04/25/2017 11:26 AM | | | |
| 05/17/2017 | **Notice** | | | |
| | *of Amendment of Complaint* | | | |
| | Created: 05/17/2017 2:44 PM | | | |
| 05/17/2017 | **Complaint - Amended** | | | |
| | *1st - **UPDATED PRAYER AMT*** | | | |
| | Created: 05/17/2017 2:44 PM | | | |
| 05/19/2017 | **Proof - Service** | | | |
| | Created: 05/23/2017 2:41 PM | | | |
| 05/19/2017 | **Proof - Service** | | | |
| | Created: 05/23/2017 2:42 PM | | | |
| 05/19/2017 | **Proof - Service** | | | |
| | Created: 05/23/2017 2:46 PM | | | |
| 05/19/2017 | **Proof - Service** | | | |
| | Created: 05/23/2017 2:49 PM | | | |
| 06/01/2017 | **Proof - Service** | | | |
| | Created: 06/02/2017 11:10 AM | | | |

---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Plaintiff** Taggart, Terry A | | | |
| | Total Financial Assessment | | | 531.00 |
| | Total Payments and Credits | | | 531.00 |
| | **Balance Due as of 06/12/2017** | | | **0.00** |
| 04/25/2017 | Transaction Assessment | | | 531.00 |
| 04/25/2017 | xWeb Accessed eFile | Receipt # 2017-378165 | Taggart, Terry A | (531.00) |